**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CURLIN MEDICAL INC., ZEVEX, INC., and MOOG INC., : : : Plaintiffs, : v. : ACTA MEDICAL, LLC, et al. : Defendants. : | **Civil Action No. 16-2464 (SRC)(CLW)** **OPINION** |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant ACTA Medical, LLC ("ACTA")[1] to dismiss Plaintiffs' patent infringement claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Docket Entry 37]. Plaintiffs Curlin Medical Inc. ("Curlin"), ZEVEX, Inc. ("Zevex"), and Moog Inc. ("Moog") (collectively "Plaintiffs") have opposed the motion [Docket Entry 40]. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Defendant's motion to dismiss.

---

[1] Although Plaintiffs named James Bruno as a Defendant in the Complaint, the parties have entered into a stipulation dismissing James Bruno from the lawsuit [Docket Entry 48]. Therefore, the Court will refer to the moving Defendant as ACTA Medical, LLC only.

I. **BACKGROUND**

Plaintiff Curlin is the assignee of United States Patent No. 6,164,921 ("the '921 patent") and United States Patent No. 6,371,732 ("the '732 patent"), issued on December 26, 2000, and April 16, 2002, respectively. (Compl. ¶¶ 21-26, 32-33). These patents describe and claim novel configurations for a Curvilinear Peristaltic Pump Having Insertable Tubing Assembly and a Curvilinear Peristaltic Pump. (Compl. ¶¶ 22, 24). Caregivers use both products to intravenously administer medication to patients. (Compl. ¶ 12). Curlin, along with Moog, the company that acquired Curlin in 2006, and Zevex, Curlin's wholly-owned subsidiary, contend that Defendant ACTA has infringed and continues to infringe both of Plaintiffs' patents, by making, using, selling, offering for sale, and importing medical products that it advertises as compatible with Plaintiffs' patented products. (Compl. ¶ 32).

Defendant has not yet answered the Complaint,[2] but Defendant argues in a pre-answer motion that both patents expired ten years ago because Curlin paid maintenance fees to the United States Patent & Trademark Office ("USPTO" or "PTO") as a small entity when it did not qualify for small entity status. (Mov. Br. at 2-3). Defendant suggests that Curlin lost its small entity status when it entered into two agreements with larger companies. (Mov. Br. at 3). First, according to Defendant, on November 30, 2001, Curlin entered into an agreement with B. Braun Medical Inc. ("B. Braun"), a company with more than 28,000 employees, to be the exclusive distributor of its devices. (Mov. Br. at 2-3). Second, in February 2006, Moog Inc., a company with over 7,000 employees, purchased Curlin. (Mov. Br. at 3). Defendant argues that neither B.

---

[2] Although Defendant James Bruno answered the Complaint [Docket Entry 28], Defendant ACTA has not answered it.

Braun nor Moog qualifies as a small entity, and thus after Curlin made agreements with the two companies, Curlin no longer qualified to pay small entity fees.  (*Id.*).

Plaintiffs respond that the agreement with B. Braun was not a license to sell Curlin's patented products and the agreement did not divest Curlin of its small entity status.  (Opp. at 3).  But, Plaintiffs argue, even if they did pay small entity fees erroneously, they made deficiency payments in August 2016 in accordance with 37 C.F.R. §§ 1.27(g)(2) and 1.28(c) that made up for any underpayments.  (Opp. at 3, 7-8).  The USPTO processed Plaintiffs' deficiency payments and thus Plaintiffs argue that the USPTO excused any errors Plaintiffs may have made.  (*Id.*).

Defendant responds that Plaintiffs' filings did not include necessary petitions and fees and that the USPTO's processing of Plaintiffs' payments does not necessarily mean that the USPTO considers the patents valid.  (Rep. Br. at 4-5).  Defendant thus argues that the patents remain unenforceable.

## II.     MOTION TO DISMISS UNDER RULE 12(B)(1)

Defendant argues that Plaintiff's patent infringement claims should be dismissed for lack of subject matter jurisdiction under 12(b)(1).  Defendant makes a factual jurisdictional attack, arguing that this Court lacks subject matter jurisdiction over a patent infringement case when the relevant patents are invalid.

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of a complaint for lack of subject matter jurisdiction at any point during the case.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Rule 12(b)(1) challenges may be either facial or factual attacks on the Court's subject matter jurisdiction.  *Id.*  "A motion to dismiss on the basis of Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint."  *Bennett v. City of Atl. City*, 288 F.

Supp. 2d 675, 678 (D.N.J. 2003) (citing *Mortensen*, 549 F.2d at 891).  In fact, the Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed.  *Smalls v. Jacoby & Meyers, LLP*, No. CV 15-6559, 2016 WL 354749, at *2 (D.N.J. Jan. 26, 2016) (denying a motion to dismiss for lack of subject matter jurisdiction because defendants made a procedurally improper factual attack before they filed an answer) (citing *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("The Commonwealth filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.") (citing *Mortensen*, 549 F.2d at 892 n.17); *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.,* 684 F.3d 413, 417 (3d Cir. 2012) ("A Rule 12(b)(1) standing challenge may attack the complaint facially or may attack the factual basis for standing. As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.") (citing *Mortensen*, 549 F.2d at 891); *see also, e.g., Moore v. Angie's List,* 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015) ("Such an evaluation [a factual attack] may occur at any stage of the proceeding, but only once the defendant has filed an answer.") (citing *Mortensen*); *Edelglass v. New Jersey,* No. 14-760, 2015 WL 225810, at *5 (D.N.J. Jan. 16, 2015) ("A factual attack may be made at any time after the answer has been filed.") (citing *Mortensen*, 549 F.2d at 892 n.17).[3]

---

[3] One Third Circuit case, *Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police,* 920 F.2d 198 (3d Cir. 1990), holds that defendants can bring a facial or factual attack before filing an answer.  The Third Circuit's more recent cases, however, do not support this assertion.  *Smalls v. Jacoby & Meyers*, 2016 WL 354749, at *2.

A facial challenge asserts that the Complaint does not allege sufficient grounds to establish subject matter jurisdiction or that there is a legal bar to the court hearing the case, such as sovereign immunity. *Bennett v. City of Atl. City*, 288 F. Supp. 2d at 679-80. When reviewing a facial challenge under Rule 12(b)(1), Rule 12(b)(6)'s standards apply – requiring that the Court must accept all factual allegations in the Complaint as true, and that the Court may only consider the Complaint and documents referenced in or attached to the Complaint. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

When the 12(b)(1) motion is "factual," in that it challenges the facts underpinning the Court's jurisdiction, the Court may "consider and weigh evidence outside the pleading and properly place[ ] the burden of establishing jurisdiction" on the plaintiff. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). The Court may not place any "presumption of truthfulness" on a plaintiff's allegations in the Complaint when analyzing a factual attack under Rule 12(b)(1). *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). The plaintiff bears the burden to prove that subject matter jurisdiction exists over a complaint once it has been challenged. *Mortensen*, 549 F.2d at 891. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

Here, Defendant brings a pre-answer motion to dismiss for lack of subject matter jurisdiction and thus it should be treated as a facial attack. This facial challenge fails, however, because the Complaint adequately establishes subject matter jurisdiction. Under 28 U.S.C. § 1338(a), federal district courts have exclusive original subject matter jurisdiction over any civil

5

action "arising under any Act of Congress relating to patents".  In a patent infringement suit, plaintiff meets its burden of proving subject matter jurisdiction "when a well-pleaded complaint establishes that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1265 (Fed. Cir. 1991), *as modified*, 64 F.3d 1553 (Fed. Cir. 1995) (citing *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 808-09 (1988)). All a plaintiff must do to invoke federal jurisdiction for a patent infringement claim is plead that it owns a patent still in force, that the defendant has infringed the patent, and that the plaintiff is entitled to relief under the Patent Act.  *Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 695 (Fed. Cir. 1990).  Here, Plaintiffs provide a well-pleaded complaint, claiming that Curlin owns the '921 patent and the '732 patent, that Defendant made and sold a product that is compatible with the patented products and thus infringed, and that Plaintiffs are entitled to both an injunction and damages under federal patent laws.  (Compl. ¶¶ 6-7, 21-26, 32-33, 40-58).  Because Plaintiffs properly pleaded the required elements of a patent infringement claim, section 1338(a) jurisdiction inures.

      Defendant classifies its challenge to subject matter jurisdiction as a factual attack, rather than a facial attack.  It claims there is no factual basis for jurisdiction because the patents are invalid.  Because Defendant's motion to dismiss is a pre-answer motion, however, it can only challenge the Complaint on its face.  But, even if Defendant could bring a factual attack here, it would not succeed.  A jurisdictional challenge fails when it is "in fact directed only to the merits of a question of patent law."  *Exxon Chem. Patents*, 935 F.2d at 1265 (denying a defendant's motion to dismiss for lack of subject matter jurisdiction in which the defendant argued that the

6

patent was invalid and stating that "[a]t this stage the question of validity (including the date of its validity) of the patent remains to be tried as a question of patent law.") (citing *Bell v. Hood*, 327 U.S. 678 (1946)).  Here, the question of the patent's enforceability is a merits issue, not a subject matter jurisdiction issue.[4]  Therefore, this Court denies Defendant's motion to dismiss under 12(b)(1).

### III.   MOTION TO DISMISS UNDER RULE 12(B)(6)

Next, Defendant argues that Plaintiffs fail to state a claim upon which relief can be granted because the patents have expired and thus no patents could have been infringed.  A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Following *Iqbal* and *Twombly*, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). While a court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation."  *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Fowler*, 578 F.3d at 210-11; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a

---

[4] Defendant cites *Kearns v. Chrysler Corp*, 32 F. 3d 1541 (Fed. Cir. 1994), a case that discusses the right to injunctive relief after a patent becomes invalid. (Mov. Br. at 4-5).  This case is irrelevant to Defendant's 12(b)(1) argument because the *Kearns* Court did not discuss subject matter jurisdiction over patent cases.

7

complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents, and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir.2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir.2003).[5]

Construing the Complaint in the light most favorable to Plaintiffs, as this Court must, the Plaintiffs set forth a clear and plausible claim for relief.  The Complaint states that the Plaintiffs are the owners of the '921 and '732 patents and that Defendant infringed the patents by making and selling products that it advertised as compatible with the patented products.  (Compl. ¶¶ 21-26, 32-33).  Defendant makes no contention that Plaintiffs do not set forth relief that can be granted in its Complaint.  Rather, Defendant argues that the patent infringement claims must be dismissed because the patent is unenforceable.  Under the standard for a motion to dismiss for failure to state a claim, this Court is to accept sufficient, plausible factual allegations in the Complaint as true and therefore must deny the motion to dismiss under 12(b)(6).

Moreover, even if the Court were to consider Defendant's arguments that go beyond the allegations of the Complaint, the Court would not make a decision at this stage regarding the patents' validity.  "[T]he sole provision governing expiration [of a patent] for failure to pay the

---

[5] Federal Rule of Civil Procedure 12(d) provides that the Court can treat a motion to dismiss as a motion for summary judgment if matters outside the pleadings are presented to, but the Rule explicitly allows a court to exclude material outside of the pleadings and rule on the motion as a motion to dismiss.  Here, because Defendant was free to move for summary judgment if it wanted to, this Court treats this motion as a motion to dismiss under Rule 12(b)(6).

full maintenance fee because of an erroneous claim to small entity status is section 1.28(c) of the regulations." *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1149 (Fed. Cir. 2003). 37 C.F.R. § 1.28(c) provides that if a patentee pays a small entity fee in good faith but later discovers that it did not qualify for small entity status, the patentee can cure the defect by separately submitting a deficiency payment and itemization for each patent. A patentee can submit a deficiency payment to remedy a wrong small entity status payment under 1.28(c) at any time; the patentee does not have a deadline for when it can submit the deficiency payment.[6] *DH Tech, Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1342 (Fed. Cir. 1998). Additionally, "the PTO views the submission of '[a] fee deficiency payment under § 1.28(c) . . . as a representation by the party submitting the payment that small entity status was established in good faith and that the original payment of small entity fees was made in good faith.'" *Ulead Sys.*, 351 F.3d at 1149 (quoting 62 Fed. Reg. 53,132, 53,135 (Oct. 10, 1997)) (explaining that a submission of a deficiency payment corrects an erroneous filing as a small entity and no inquiry into the patentee's good faith is required).[7] As long as the patentee complies with the procedures for

---

[6] Defendant argues that there is a time limit for when payment is due under 35 U.S.C. § 41(b)(2). (Mov. Br. at 6). However, this statute is inapplicable to underpayments resulting from erroneous claims of small entity status. *See Ulead Sys.*, 351 F.3d at 1149.

[7] In its reply brief, Defendant argues that Plaintiffs acted in bad faith because, according to Defendant, Curlin was aware that it did not qualify for small entity status but paid maintenance fees as a small entity anyway. (Rep. Br. at 5). If a challenger believes that a patentee who makes a deficiency payment did not act in good faith in making its initial small entity payment, the challenger bears the burden of showing that the patentee engaged in inequitable conduct by knowingly misrepresenting that it was entitled to have the error excused under section 1.28(c). *DH Tech, Inc.*, 154 F.3d at 1342; *Ulead Sys.*, 351 F.3d at 1150. To prove inequitable conduct, the challenger must show by clear and convincing evidence both materiality of the conduct and intent to deceive. *Ulead Sys.*, 351 F.3d at 1146-50; *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 695 F.3d 1285, 1294 (Fed. Cir. 2012). In *Outside the Box Innovations*, the Federal Circuit held that the challenger could not prove the patentee's specific intent to deceive when the patentee claimed small entity status even though it had a commercial arrangement with a large entity because there was a reasonable dispute on whether that arrangement was a patent license

filing a deficiency payment in § 1.28(c), the USPTO will excuse an erroneous small entity payment. 37 C.F.R. § 1.28(c). A district court does not have authority to determine if a patent has expired if the USPTO has accepted a deficiency fee payment pursuant to 37 C.F.R. § 1.28(c). *Ulead Sys.*, 351 F.3d at 1149-50.

Here, even if Defendant is correct that Plaintiffs were not entitled to pay small entity fees, Defendant's argument is moot if Plaintiffs corrected their errors with the later payments. Plaintiffs argue that they complied with the procedures in the statute for making a deficiency payment. Therefore, the USPTO is entitled to accept their deficiency payment and excuse their errors. Absent a determination from the USPTO on whether the Plaintiffs properly complied and whether the PTO will accept the deficiency payment, it is inappropriate for this Court to deem the patents unenforceable. Therefore, this Court will not decide on the patent's validity at this stage and denies Defendant's motion to dismiss for failure to state a claim on which relief can be granted.

### IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to dismiss. An appropriate Order will be filed herewith.

       s/ Stanley R. Chesler

       STANLEY R. CHESLER

       United States District Judge

Dated:  October 27, 2016

---

or a distribution agreement and thus whether the patentee still qualified for small entity status after it made the arrangement. 695 F.3d at 1294. Similarly, Plaintiffs here dispute what type of agreement Curlin made with B. Braun and whether it stripped Curlin of small entity status. Defendant does not meet its burden of showing by clear and convincing evidence that Plaintiffs engaged in inequitable conduct.